IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-62407

MICHAEL SCOTT CARDINALE d/b/a
TREAT YOURSELF SHOPPE,

    Plaintiff,

v.

FLAMINGO NUTRITION INC d/b/a YOUR
VITAL NUTRITION d/b/a DISCOUNT
HEALTH OF DAVIE,

    Defendant.

## COMPLAINT

Plaintiff Michael Scott Cardinale d/b/a Treat Yourself Shoppe ("Plaintiff") sues defendant Flamingo Nutrition Inc d/b/a Your Vital Nutrition d/b/a Discount Health of Davie ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of Plaintiff's marks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); for unfair competition, passing off, and trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and for trademark counterfeiting under Section 34 of the Lanham Act, 15 U.S.C. §1116, all arising from Defendant's unauthorized use of the marks, TREAT YOURSELF SHOPPE, BP REDUCER, BP BALANCER PLUS, and DIABETIC BALANCER (hereinafter referred to as "Plaintiff's Marks"), and labels created by Plaintiff and bearing the aforementioned marks, all used in connection with promoting, advertising, and selling herbal supplements which specialize in the treatments of hypertension and diabetes.

2. Plaintiff seeks injunctive and monetary relief.

## THE PARTIES

3. Plaintiff is an individual d/b/a Treat Yourself Shoppe who is a citizen of the State of North Carolina residing in North Carolina.

4. Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 8222 Griffin Road, Davie, FL 33328. Defendant's agent for service of process is Shahrooz Taheri Pearl, 8222 Griffin Road, Davie, FL 33328.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

7. Venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## TRADEMARKS-IN-SUIT

8. Plaintiff is the owner of the entire right, title, and interest, including the right to sue for past infringement, of United States Trademark Registration No. 6,162,529 on the Principal Register, as of September 29, 2020, for the mark "TREAT YOURSELF SHOPPE" for "On-line wholesale ordering services in the field of herbal dietary supplements." A true and accurate copy of the registration is attached hereto as Exhibit "A" and incorporated herein by reference.

9. Plaintiff has common law rights in the mark "B.P. REDUCER" based on its substantially exclusive and continuous use in commerce in connection with nutritional, dietary,

and herbal supplements since at least as early as January of 2013. A true and accurate depiction of the mark as used in commerce on product labels is attached hereto as Exhibit "B."

10. Plaintiff has common law rights in the mark "B.P. BALANCER PLUS" based on its substantially exclusive and continuous use in commerce in connection with nutritional, dietary, and herbal supplements since at least as early as April of 2013. A true and accurate depiction of the mark as used in commerce on product labels is attached hereto as Exhibit "C."

11. Plaintiff has common law rights in the mark "DIABETIC BALANCER" based on its substantially exclusive and continuous use in commerce in connection with nutritional, dietary, and herbal supplements since at least as early as June of 2013. A true and accurate depiction of the mark as used in commerce on product labels is attached hereto as Exhibit "D."

## FACTS

12. Beginning in 1986, John Cardinale, Scott Cardinale's father, operated a business named Treat Yourself Fitness Bar, Inc. for the purpose of selling various health-related and other goods.

13. John Cardinale sold the TYS Products, as defined below Treat Yourself Fitness Bar, Inc., from 2002 - 2017.

14. Treat Yourself Shoppe f/k/a Treat Yourself Distributors was founded and created by Scott Cardinale and with John Cardinale's knowledge and consent in or about 2013 for the purpose of selling and distributing, among other things, herbal supplements, including the products known as B.P. REDUCER, B.P. BALANCE PLUS, B.P. BALANCE, B.P. BALANCER, and DIABETIC BALANCER (the "TYS Products").

15. John Cardinale through Treat Yourself Fitness Bar, Inc. and Scott Cardinale through Treat Yourself Distributors and later Treat Yourself Shoppe were the sole providers of the

TYS Products in the U.S. from 2002 - 2018.

16. As a successor-in-interest to his father John Cardinale's Treat Yourself Fitness Bar, Inc. business, and as a bona fide user of the mark with services in connection with his own and his father's business, Plaintiff Scott Cardinale has obtained rights in the TREAT YOURSELF SHOPPE mark in connection with the TYS Products dating at least as far back as 1997.

17. From 2009 to 2017, Scott Cardinale purchased a series of domain names in order to facilitate the sale of nutritional supplements, and he designed labels bearing the BP Marks, which would later be attached to the packaging for the nutritional supplements and TYS Products. Such labels are attached hereto as Exhibits "B" "C" and "D" and are the sole property of Plaintiff.

18. From 2013 to current date, Scott Cardinale has sold the TYS Products through a variety of third-party online retail websites and through his own websites, www.TreatYourselfDistributors.com and www.treatyourselfshoppe.com.

19. Defendant owns and operates a storefront in Davie, FL that sells vitamins, supplements, herbs, and homeopathic medicine.

20. Defendant's President (and at least partial shareholder) is Shahrooz Taheri Pearl.

21. Plaintiff previously sued two (2) of Ms. Pearl's other companies – Simply Natural Health, Inc. and Simply Natural of Sunrise, Inc. – with respect to the purchase and sale of counterfeit goods bearing Plaintiff's Marks. See Michael Scott Cardinale v. Dong Wang et al., Case No. 6:21-cv-00379-ACC-GJK (S.D. Fla.).

22. Unfortunately, the issues in the prior lawsuit are the same ones here with the exception that sales of counterfeit vitamins/labels are now occurring through Defendant at a new location in Davie, FL.

23. Plaintiff's BP Balancer product (which is sold at

https://www.treatyourselfshoppe.com/product-page/bp-balancer-original-formula-100-tablets) is sold in a black bottle with a black cap with plastic seals wrapped around the bottle:



24. Plaintiff recently discovered that Defendant is selling (in its physical store) counterfeit vitamins using a mix of counterfeit and/or long-expired (pre-2017) labels for Plaintiff's BP Balancer product. Photographs of such are displayed below:



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228





25. Although Defendant is well-aware (as a result of the prior lawsuit involving Ms. Pearl's other companies) of the counterfeit nature of the B.P. Balance vitamins it is selling, Defendant has continued selling the counterfeit vitamins.

26. All conditions precedent to the filing of this lawsuit have been performed.

## COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

27. Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

28. Plaintiff is the owner of the federally registered trademark, TREAT YOURSELF SHOPPE registered in connection with "On-line wholesale ordering services in the field of herbal dietary supplements." See Exhibit "A."

29. As a successor-in-interest to his father John Cardinale's Treat Yourself Fitness Bar, Inc. business, including the goodwill in the "TREAT YOURSELF" brand, and as a bona fide user of the mark with services in connection with his own and his father's business, Plaintiff has obtained rights in the TREAT YOURSELF SHOPPE dating at least as far back as 1997.

30. Plaintiff used the TREAT YOURSELF SHOPPE mark in commerce and in relation to its on-line herbal dietary supplement business prior to Defendant's use of the mark.

31. Defendant has used Plaintiff's TREAT YOURSELF SHOPPE mark in relation to the sale of herbal supplements targeted at treating hypertension and diabetes.

32. Specifically, the mark TREAT YOURSELF SHOPPE, or a similar variation thereof, appears on Treat Yourself Shoppe labels, which Defendant has used, and continues to use, in the sale of counterfeit products as described above.

33. Defendant has created a likelihood of confusion in the marketplace that will only continue, and increase should Defendant be permitted to continue its unauthorized use and misappropriation of Plaintiff's TREAT YOURSELF SHOPPE mark.

34. Defendant has failed and therefore refused to cease use of Plaintiff's mark, TREAT YOURSELF SHOPPE, and similar variations despite Plaintiff bringing the infringing conduct to Defendant's attention.

35. Defendant has made a deliberate decision to continue using Plaintiff's marks to advertise, promote, and sell nutritional, dietary, and health supplements.

36. As a direct and proximate result of Defendant's infringing use of the TREAT YOURSELF SHOPPE mark, Defendant has caused Plaintiff to lose profits and the goodwill associated with its mark.

37. Plaintiff will be irreparably damaged by continued loss of profits, loss of goodwill and loss of control over the reputation of its mark unless Defendant is prevented from continuing to promote, advertise, sell or offering for sale goods sold under Plaintiff's TREAT YOURSELF SHOPPE mark, and similar variations of said mark.

## **COUNT II – TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1116**

38. Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

39. Defendant has sold counterfeit nutritional supplements under Plaintiff's TREAT YOURSELF SHOPPE trademark utilizing Plaintiff's exact labels bearing the BP Marks.

40. Defendant's unauthorized use of the Treat Yourself Shoppe labels and BP trademarks on counterfeit products that it has distributed has caused, and continues to cause, consumer confusion about the source and sponsorship of the counterfeit goods.

41. Defendant's sale of these counterfeit products has caused considerable damage to the goodwill Plaintiff has established in its marks, and Defendant's conduct has diminished Plaintiff's brand recognition.

42. The sale of the counterfeit products using Plaintiff's Treat Yourself Shoppe labels

and BP trademarks by Defendant has further resulted in lost profits to Plaintiff, and in turn created a windfall for Defendant.

43. Defendant's actions constitute use of a "counterfeit mark" as defined by 15 U.S.C. 1116(d)(1)(B).

44. Plaintiff reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C.§ 1117(c)(1) and/or (2).

45. Because of the willful nature of the counterfeiting, Plaintiff is entitled to an award of statutory damages of up to $2,000,000 per mark infringed under 15 U.S.C. §1117(c)(2).

46. In the alternative, and at minimum, Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits, treble damages, costs and reasonable attorney's fees under 15 U.S.C. § 1117(b).

47. Defendant's acts of direct and/or contributory counterfeiting have caused, and will cause, Plaintiff irreparable harm unless enjoined by this Court.

### COUNT III – FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND PASSING OFF UNDER 15 U.S.C. § 1125(a)

48. Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

49. Plaintiff has invested a substantial amount of time, effort, and money in its TREAT YOURSELF SHOPPE, BP REDUCER, BP BALANCER PLUS, and DIABETIC BALANCER marks (collectively "Plaintiff's Marks") throughout the United States.

50. In addition to the national protection afforded to Plaintiff by its federal registration for its TREAT YOURSELF SHOPPE mark, Plaintiff has extensive, non-registered statutory and common law rights under Florida law in its BP Marks.

51. As it pertains to Plaintiff's BP Marks, Plaintiff's consistent, exclusive, and public use of the marks in relation to dietary, nutritional, and health supplements establishes Plaintiff's

common law and statutory rights in the BP Marks.

52. Further, Plaintiff's common law rights in Plaintiff's Marks predates Defendant's use of Plaintiff's Marks and predates Defendant's use of confusingly similar marks

53. By distributing, marketing, and otherwise exploiting Plaintiff's exclusive intellectual property rights in using its trademarks and product labels in connection with counterfeit goods, Defendant is passing off its goods to the public as if they are Plaintiff's goods.

54. As a result, members of the public will, and have been, reasonably deceived and confused into believing that the products sold by Defendant are Plaintiff's product or are in some way endorsed by Plaintiff.

55. Plaintiff has been and continues to be injured by this deception, in that it negatively impacts Plaintiff's ability to distribute, market, and otherwise sell its products and has subjected Plaintiff's goods to consumer confusion insofar as Defendant is not an approved distributor of Plaintiff's products, has no authorization to use Plaintiff's intellectual property in the sale of its products, and is not otherwise approved or endorsed by Plaintiff.

56. By engaging in the wrongful conduct and unfair competition described herein and above, Defendant has violated the false designation of origin and passing off restrictions of Section 43(a) of the Lanham Act.

57. Because Defendant has engaged in the conduct described herein with actual knowledge of the harm caused to Plaintiff by such wrongful conduct and acts, this is an exceptional case, which merits an award of treble damages and attorneys' fees against Defendant.

58. Defendant's acts and conduct have caused and will continue to cause Plaintiff great and irreparable injury that cannot be adequately compensated or measured in damages.

59. Plaintiff has no adequate remedy at law and will suffer immediate and irreparable

loss, damage, and injury unless Defendant is restrained and enjoined from continuing to engage in such wrongful conduct.

     **WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. An adjudication that Defendant's actions constitute trademark infringement under the Lanham Act, 15 U.S.C. § 1114(a);

b. An adjudication that Defendant's actions constitute false designation, unfair competition, and passing off under the Lanham Act, 15 U.S.C. §1125(a);

c. An adjudication that Defendant's actions constitute trademark counterfeiting under 15 U.S.C. §1116.

d. An injunction under 15 U.S.C. § 1116 to restrain Defendant from making further sales of counterfeit products bearing the Treat Yourself Shoppe labels and the TREAT YOURSELF SHOPPE and BP Marks and similar variations thereof;

e. An award under 15 U.S.C. § 1117 of 1) all of Defendant's profits and gains obtained as a result of Defendant's violations of 15 U.S.C. § 1125(a); 2) all damages suffered by Plaintiff by Defendant's violations of 15 U.S.C. § 1125(a); and 3) all costs of this action;

f. An award under 15 U.S.C. §1117(b) of three times Defendant's profits or Plaintiff's damages, whichever is greater, together with a reasonable attorney's fees;

g. An award under 15 U.S.C. §1117(c) of $200,000 per counterfeit mark or up to $2,000,000 per counterfeit mark based on Defendant's willful conduct;

h. A ruling that as a result of Defendant's willfully egregious conduct, this is an exceptional case which entitles Plaintiff to recover additional damages and reasonable attorney fees pursuant to 15 U.S.C. §1117;

i. Plaintiff is further entitled to recover actual damages sustained in consequence of

Defendant's willful and wrongful conduct, in an amount to be determined.

j. Plaintiff is further entitled to its costs.

k. Any further relief that this Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: December 27, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza____
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700
    Lauren Hausman, Esq.
    Florida Bar No.: 1035947